UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JULIUS JAMES,
    Plaintiff,

vs.                                                         10-1160

GUY PIERCE, et.al.,
    Defendants.

<u>MERIT REVIEW ORDER</u>

    This cause is before the court for a merit review of the plaintiff's claims. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A. The plaintiff participated in the hearing by video conference.

    The plaintiff, a pro se prisoner, has filed this lawsuit pursuant to 42 U.S.C. §1983 claiming that his constitutional rights were violated at the Pontiac Correctional Center. The plaintiff has named five defendants including: Warden Guy Pierce and Correctional Officers Smithson, Watson, Kochell and Salzman.

    The plaintiff says on February 4, 2010, Defendant Smithson choked him while Defendants Watson and Kochell held his legs and waist. In addition, Defendant Salzman watched the incident, but failed to intervene. It is not clear what injuries the plaintiff suffered, but the court will allow the plaintiff to proceed at this point in the litigation.

    In addition, the plaintiff says the defendants then placed him in filthy cell with no bedding or water. The plaintiff further states that the officers "played with my food and placed me on meal loaf." (Comp, p. 5) The plaintiff does not clarify what he is accusing the defendants of doing to his food or how he was injured.

    The court finds that the plaintiff has adequately alleged that the correctional officers violated his Eighth Amendment rights when: 1) Defendants Smithson, Watson and Kochell assaulted him; 2) Defendant Salzman failed to protect him from the assault; and 3) they placed him in an unsanitary cell without bedding or water.

    The plaintiff has failed to state a claim against Defendant Pierce. The plaintiff's only reference to this defendant is that he "is responsible for actions of these employees." (Comp, p. 5) However, a defendant cannot be held liable under 42 USC §1983 unless the plaintiff can demonstrate that the defendant's caused or participated in the alleged constitutional violation.

*McBride v. Soos*, 679 F.2d 1223, 1227 (7th Cir. 1982). Also, the mere fact that an individual was a supervisor is insufficient to establish liability because the doctrine of *respondeat superior* (supervisor liability) does not apply to actions filed under 42 USC §1983. *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). A supervisor cannot be held liable for the errors of his subordinates.

The plaintiff has also filed a motion for appointment of counsel. [d/e 3] In considering the plaintiff's motion, the court asks: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir.1993). The plaintiff has not demonstrated any attempt to contact counsel on his own.

**IT IS THEREFORE ORDERED that:**

**1) Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the court finds that the plaintiff states the following federal claims:**

   **a) Defendants Smithson, Watson and Kochell violated the Eighth Amendment when they used excessive force on February 4, 2010;**
   **b) Defendant Salzman violated the Eighth Amendment when he failed to protect the plaintiff from the assault; and**
   **c) the defendants violated the Eighth Amendment when they placed the plaintiff in an unsanitary cell without bedding or water.**

**2) All other claims based on federal law, other than those set forth in paragraph one above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A. The clerk of the court is directed to dismiss Defendant Pierce.**

**3) This case shall proceed solely on those federal claims identified in paragraph one above. Any claims not set forth in paragraph one above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.**

**4) A Prisoner Scheduling Order shall be entered directing service and setting a Rule 16 conference date.**

**5) A copy of this Case Management Order shall be served with the Complaint and Scheduling Order.**

**6) The defendants shall file an answer within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims**

**stated in this Case Management Order.**

**7) The plaintiff's motion for appointment of counsel is denied. [d/e 3]**

Entered this 8th Day of October, 2010.

\s\Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE