UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JULIUS JAMES,
    Plaintiff,

vs.                                               10-1160

RICHARD SMITHSON, et.al.,
    Defendants.

## SUMMARY JUDGMENT ORDER

This cause is before the court for consideration of Defendant Smithson and Kochell's motion for summary judgment. [d/e 17]

### I. BACKGROUND

The Plaintiff, a pro se prisoner, filed this lawsuit pursuant to 42 U.S.C. §1983 claiming that his constitutional rights were violated at the Pontiac Correctional Center. The court conducted a merit review of the Plaintiff's complaint pursuant to 28 U.S.C. §1915A on October 8, 2010 and found the Plaintiff had alleged the following federal claims:

    a) Defendant Correctional Officers Smithson, Watson and Kochell violated the Eighth Amendment when they used excessive force on February 4, 2010;
    b) Defendant Correctional Officer Salzman violated the Eighth Amendment when he failed to protect the Plaintiff from the assault; and,
    c) the Defendants violated the Eighth Amendment when they placed the Plaintiff in an unsanitary cell without bedding or water on February 4, 2010.

Defendants Smithson and Kochell were the first to return their waiver of service forms and have filed a motion for summary judgment claiming that the Plaintiff has failed to exhaust his administrative remedies. [d/e 17]

### II. FACTS

The Illinois Department of Corrections has an established grievance process. See 20 Ill. Admin. Code §§ 504.800 *et seq.* An inmate is first required to speak with a counselor about the contested issue. 20 Ill. Admin. Code § 504.810(a). If the counselor does not resolve the problem, the inmate must file a grievance form directed to the Grievance Officer within 60 days of the incident. *Id.* The grievance officer submits his recommendation to the Chief Administrative Officer who "shall advise the offender of the final decision in writing within two months after receipt of the written grievance, where reasonably feasible." 20 Ill. Admin. Code § 504.830(d). If the inmate is not satisfied with the Chief Administrative Officer's response, he or she can file an appeal with the Director through the Administrative Review Board (herein ARB)

within 30 days after the date of the Chief Administrative Officer's decision. 20 Ill. Admin. Code § 504.850(a). The Director shall then review the findings and recommendations of the board and make a final determination within six month after receipt of the grievance. 20 Ill. Admin. Code § 504.850(f). When an inmate has received a copy of the Director's decision, the grievance procedure is complete.

Sherry Benton says she is an ARB Chairperson and is familiar with the board's record keeping. (Def. Memo, Benton Aff. p. 1). Benton says she has searched the records of the ARB for an grievance filed by the Plaintiff concerning the use of force or placement in an unsanitary cell in February of 2010. Benton says the ARB has no grievance pertaining to an unsanitary cell.

The ARB did receive a grievance on March 3, 2010 which alleged the Plaintiff was assaulted by officers at Pontiac Correctional Center. The Defendants have attached a copy of the grievance which is dated February 27, 2010. The Plaintiff says he fears for his life and has been attacked by staff on two occasions. The Plaintiff then lists staff members including Trainor, Smithson, Torrea, Riggenbaugh, Watson and Gish. (Def. Memo, Ex. 1) The Plaintiff provides no specific dates or incidents in his grievance, but he asks to be moved to protective custody. The Plaintiff apparently sent the grievance directly to the ARB which refused to consider it. The board sent a memo back to the Plaintiff telling him he needed to include more specifics and he needed to include a copy of the Grievance Officer and Chief Administrative Officer's responses. Benton wrote a note at the bottom stating that all grievances must include a Grievance Officer's report and the Plaintiff should rewrite his grievance to include more specifics. In addition, Benton noted that the Plaintiff was in segregation so protective custody was not an option. (Def. Memo, Ex. 2).

Benton says the ARB also received a grievance on June 15, 2010 which also alleged an assault. The Defendant has provided a copy of this grievance, too. The grievance is dated February 27, 2010. The Plaintiff says he has been denied medical care for two months and he has scoliosis. The Plaintiff further states he has been assaulted twice and suffered swelling and abrasions. The Plaintiff provides no further information about the assaults and does not name any specific correctional officers. The Plaintiff asks for medical care including an examination and an X-ray. (Def. Memo., Ex. 3, p. 1). A counselor responded on March 7, 2010 stating that the Plaintiff's medical record had been reviewed and the Plaintiff has been seen in the medical department frequently. The Plaintiff was directed to bring any future medical concerns to the unit medical technicians. His grievance was denied. The Chief Administrative Officer did not sign off on the grievance until June 8, 2010 and it was submitted to the ARB on June 15, 2010. (Memo, Ex. 3, p. 2).

On July 22, 2010, the ARB sent a letter to the Plaintiff telling him that his grievance concerning a lack of medical care had been denied. (Memo, Ex. 3, p.3). These are the only potentially relevant grievances noted by Benton.

III. LEGAL STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.

R. Civ. P. 56(a). Any discrepancies in the factual record should be evaluated in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (*citing Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)). The party moving for summary judgment must show the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248.

"Summary judgment is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir. 2000). "If a party . . . fails to properly address another party's assertion of fact as required by Rule 56c, the court may . . . grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it." Fed. R. Civ. P. 56(e).

## IV. ANALYSIS

Defendants Smithson and Kochell state that the Plaintiff cannot demonstrate he exhausted his administrative remedies as required. The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. §1997e(a).

The purpose of the exhaustion requirement is to allow prison officials the time and opportunity to respond to complaints internally before an inmate starts litigation. *Smith v Zachary,* 255 F.3d 446, 450-51 (7th Cir. 2001). The Seventh Circuit has taken a strict compliance approach to exhaustion requiring a prisoner to pursue all available administrative remedies and comply with the prison's procedural rules and deadlines. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir.2002)

> The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion. *Jones v Bock,* 549 U.S. 199, 218 (2007)

The grievance procedure applicable to the Illinois Department of Corrections is set forth under Title 20 of the Illinois Administrative Code, Sections 504.800-504.850:

> The grievance shall contain factual details regarding each aspect of the offender's complaint, including what happened, when, where and the name of each person who is the subject of or who is otherwise involved in the complaint. This provision does not preclude an offender from filing a grievance when the names of the individual are not know, but the offender

must include as much descriptive information about the individual as possible. 20 Ill.Admin.Code §504.810(b).

If an inmate fails to follow the grievance procedure rules, his claims will not be considered to be exhausted, but instead forfeited, and he will be barred from filing suit in federal court even if administrative remedies are for practical purposes no longer available to him due to his procedural default. *Pozo,* 286 F.3d at 1025.

The Defendants say the Plaintiff did not properly exhaust his administrative remedies in either of his February 27, 2010 grievances. The Plaintiff does not debate this claim, but says he did exhaust his administrative remedies in a different grievance dated February 11, 2010. The Plaintiff has provided a copy of this grievance. The initial focus of the Plaintiff's grievance is a disciplinary report he received as a result of the events that occurred on February 4, 2010. However, the body of the grievance does makes reference to each of the three claims before this court. (Plain. Resp., Feb. 4, 2010 Grievance). The court notes that the Plaintiff indicated on the front of his grievance that it pertained to both a disciplinary report and staff conduct. (Plain. Resp., Feb. 4, 2010 Grievance, p.1).

The counselor's response to the Plaintiff's grievance is a checked box indicating that it should be sent directly to the Grievance Officer. The Grievance Officer states that he received the Grievance on February 20, 2010 and wrote his response on March 30, 2010. The response from the Grievance Officer pertains only to the Plaintiff's claims concerning the disciplinary report. The Grievance is denied and the Chief Administrative Officer concurs with that decision on March 30, 2010.

The Plaintiff then mailed his grievance directly to the Administrative Review Board. The grievance was received on April 6, 2010, but the board refused to consider it. Instead, the ARB sent a letter to the Plaintiff dated April 12, 2010 stating that additional information was required. A box was checked on the form letter stating that each submission must include the grievance, the grievance officer's response and the Chief Administrative Officer's response. (Plain. Resp., April 12, 2010 ARB ltr). At the bottom, a handwritten note states that the Plaintiff did not include any grievance officer reports. It also appears from the letter that the Plaintiff sent several grievances to the ARB at one time.

The Plaintiff responded to the ARB letter by re-sending his grievances with his own letter. The letter is marked received on April 29, 2010. The Plaintiff says he does not understand the ARB response. He says he has written many grievances and has never won any of them. Nonetheless, he asks the ARB to look over the attached grievances. (Plain. Memo, April 29, 2010 ltr).

The ARB responds with another letter again stating that the needed information is still missing. At the bottom of the page, the ARB notes that it previously addressed the same issue on April 12, 2010 and asked for additional information. Handwritten at the bottom is the following note: "As you are at Pontiac and your issues are there you must 1st appeal your grievance with the grievance officer <u>there</u>. When you get their response, <u>then</u> send all to us. Review Depart. Rule 504." (Plain. Resp., second ARB ltr). The court notes that the Department

Rule referenced states that an inmate may appeal the denial of a grievance to the ARB, but "[c]opies of the Grievance Officer's report and the Chief Administrative Officer's decision should be included." 20 Il.Admin.Code §504.850(a).

In response to the dispositive motion, the Plaintiff says the ARB has considered previous grievances without a copy of the Grievance Officer's report. The Plaintiff has not provided any evidence of this claim. Instead, the Plaintiff has provided a copy of an ARB letter on an unrelated claim and the letter clearly states that the grievance officer's report and recommendation were considered. (Plain. Resp., July 22, 2010 ltr.). The court notes that both parties have provided copies of letters from the ARB to the Plaintiff which demonstrate that he has successfully submitted an appeal and exhausted his administrative remedies for other claims. (Plain. Resp, July 22, 2010 ARB ltr); (Def. Mot, Ex. 4).

The Plaintiff also says all of his grievances are on file, so the ARB should be able to look up the additional information it needed without having him send it in. This is not a sufficient response. The grievance procedures are clearly set out for the Plaintiff to follow and the Plaintiff has followed those procedures on other occasions. The Plaintiff can not pick and chose when to follow the requirements or what requirements to follow. In addition, the Plaintiff was clearly warned twice what additional information was needed, but he did nothing to correct his submission to the ARB. The court cannot find that the Plaintiff "followed the prescribed steps and could do nothing more" prior to filing this lawsuit. *Robertson v. Dart*, 2009 WL 2382527 at 3.(N.D. Ill. Aug. 3, 2009).

The court is concerned that the Grievance Officer did not respond to all of the Plaintiff's claims in the February 11, 2009 grievance. The officer focused only on the allegation concerning the disciplinary ticket, not the claims involving assaults or the unsanitary cell. Nonetheless, the Plaintiff chose to include several issues in one grievance, never appealed this issue and never clarified the problem in subsequent grievances when he was asked to provide more details about the assault. The court cannot find that the Plaintiff exhausted all available administrative remedies for those claims, because he did not properly appeal the grievance officer's findings.

The court will grant Defendants Smithson and Watson's motion for summary judgment. [d/e 17] The court notes that at the time these Defendants filed their dispositive motion, Defendant Salzman had not yet been served. She has since returned her waiver of service form and her answer to the complaint includes the affirmative defense of failure to exhaust administrative remedies. [d/e 21]. The only remaining Defendant, J. Watson, has not yet been served.

It is doubtful the Plaintiff can demonstrate he exhausted his administrative remedies for either of these individuals. The court appreciates that failure to exhaust is an affirmative defense. However, the evidence presented in the motion for summary judgment claimed to include all grievances concerning the use of excessive force or placement in an unsanitary cell in February of 2010. There was no grievance concerning an unsanitary cell and the court has reviewed the other grievances on the issue of excessive force. There is no evidence the Plaintiff exhausted his administrative remedies for any Defendant. Nonetheless, the Plaintiff is

proceeding pro se and the claim against Defendant Salzman alleges that this Defendant failed to protect the Plaintiff from the assault. Therefore, the court will ask Defendant Salzman to provide the court with an affidavit stating whether there are any other grievances, other than those that are currently before the court, concerning Defendant Salzman's alleged failure to protect in violation of the Eighth Amendment. The Plaintiff should provide a response and should include any relevant grievances that pertain to EITHER Defendant Salzman or Defendant Watson that are not currently before the court in this summary judgment order.

**IT IS THEREFORE ORDERED that:**

**1) Defendants Smithson and Kochell's motion for summary judgment is granted pursuant to Federal Rule of Civil Procedure 56. [d/e 17] The clerk of the court is directed to dismiss Defendants Smithson and Kochell.**

**2) Defendant Sazlman must provide an affidavit on the issue of exhaustion of administrative remedies concerning any grievance that is not currently before this court on or before September 19, 2011. The Plaintiff should file a response concerning exhaustion of administrative remedies for Defendants Salzman AND Watson on or before October 3, 2011.**

Entered this 17th day of August, 2011.

s/James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE